Marvel Eugene "Buddy" Rake, Jr. (SBN 003452)
Email: brake@aztriallaw.com
Daniel T. Benchoff (SBN 021672)
Email: dbenchoff@aztriallaw.com
RAKE LAW GROUP, P.C.
2701 E. Camelback Road, Suite 160
Phoenix, AZ 85016
Telephone: (602) 264-9081
Facsimile: (602) 265-2628
Attorneys for Plaintiffs Richard and Dawn Bartleman

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Bartleman and Dawn Bartleman,<br><br>Plaintiffs,<br><br>v.<br><br>Sheraton Operating Corporation et al.,<br><br>Defendants. | **FIRST AMENDED COMPLAINT**<br><br>CV 11-2148-PHX-JAT<br><br>Judge James A. Teilborg |

Plaintiffs, by and through undersigned counsel, for their cause of action against the Defendants, allege as follows:

## JURISDICTION AND VENUE

1.  Plaintiffs Richard Bartleman and Dawn Bartleman are husband and wife and residents of Maricopa County, Arizona.

2.  Defendant Sheraton Operating Corporation is a Delaware corporation, does business in the state of Arizona, and is an operator of Sheraton Wild Horse Pass Resort & Spa.

3.  Defendant Starwood Hotels & Resorts Worldwide, Inc. is a Maryland corporation and does business as Sheraton Hotels and Resorts.

4. Defendant Starwood Hotels & Resorts Management Company, Inc. is a Delaware corporation and does business as Sheraton Hotels and Resorts.

5. Upon information and belief, each of the Defendants identified in paragraphs two through four of this complaint owned, operated, managed or otherwise had control or authority over the premises located at the Sheraton Wild Horse Pass Resort & Spa in Maricopa County, Arizona.

6. Defendant WhiteWater West Industries, Ltd. ("WhiteWater") is a Canadian business entity doing business within the State of Arizona.

7. Defendant Pacific Aquascape, Inc. ("Pacific Aquascape") is a California corporation doing business within the State of Arizona.

8. Defendant Pacific Aquascape International, Inc. ("Pacific Aquascape International") is a California corporation doing business within the State of Arizona.

9. Defendant Pacific Advanced Civil Engineering, Inc. ("PACE") is a California corporation doing business within the State of Arizona.

10. Defendants, each of them, are legally responsible for the acts and omissions of their employees and/or agents.

11. Defendants Does I-X are individuals, including employees or agents of Defendants and other individuals involved in the design, installation, construction, manufacture, sale, maintenance or repair of the waterslide, which may have liability to Plaintiffs related to the events complained of herein and whose identities are presently unknown to Plaintiffs and cannot presently be ascertained. Plaintiffs will seek permission to substitute the true names of these Defendants when they become known.

12. Defendants White Corporations I-V and Black L.L.C.s I-V are business entities which may have liability to Plaintiffs related to the events complained of herein, including any entity or entities involved in the design, installation, selection, construction, manufacture, sale, maintenance or repair of the waterslide, and whose identities are presently unknown to Plaintiffs and cannot presently be ascertained. Plaintiffs will seek permission to substitute the true names of these Defendants when they become known.

13. Venue in this Court is proper pursuant to A.R.S. § 12-401.

14. The events that give rise to the allegations contained herein occurred within Maricopa County, Arizona, and each Defendant has significant contacts with the State of Arizona.

15. The Court has personal jurisdiction over all Defendants.

16. The Court has subject matter jurisdiction based upon the amount in controversy and complete diversity of citizenship.

**GENERAL ALLEGATIONS**

17. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

18. On or about May 29, 2010, Plaintiff Richard Bartleman was at the Sheraton Wild Horse Pass Resort and Spa ("Wild Horse Pass") with friends enjoying one of its four pools with cascading waterfalls, including its featured attraction, a 111-foot waterslide ("Waterslide").

19. As Plaintiff was coming down the Waterslide, suddenly and without warning, his left foot and leg became stuck on the curve and was forced in an awkward position causing a sudden snap.

20. By the time Plaintiff reached the end of the Waterslide and entered the pool, he was in immediate pain, suffering increasing swelling, and unable to walk or move about without increased pain.

21. As a result of this incident, Plaintiff Richard Bartleman was seriously and permanently injured.

22. As a result of this incident, Plaintiffs incurred medical expenses in connection with the treatment provided and may be forced to incur future medical expenses.

23. As a result of this incident, Plaintiff Dawn Bartleman sustained damages as set forth below.

24. Defendant WhiteWater manufactured and sold the Waterslide for installation on the premises at Wild Horse Pass located within Maricopa County, Arizona, and routinely does business within the State of Arizona.

25. Upon information and belief, Defendants Pacific Aquascape, Pacific Aquascape International, and PACE, were involved in the design, selection and/or installation of the Waterslide at Wild Horse Pass. Each of these Defendants routinely conducts business and is registered to do business within the State of Arizona.

**COUNT I**
**NEGLIGENCE**

**(Defendants Sheraton Operating Corporation, Starwood Hotels & Resorts Worldwide, Starwood Hotels & Resorts Management Company, White Corporations I-V, Black L.L.C.s I-V, and Does I-X)**

26. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

27. Defendants Sheraton Operating Corporation, Starwood Hotels & Resorts Worldwide, Starwood Hotels & Resorts Management Company, White Corporations I-V, Black L.L.C.s I-V, and Does I-X had a duty to Plaintiffs to exercise reasonable care in the selection of the design and specifications for the Waterslide, including selection of the entity or entities which designed and/or ultimately constructed the Waterslide, and repair/maintenance of the Waterslide.

28. These Defendants at all times mentioned herein had a duty to Plaintiffs to make safe the premises at Wild Horse Pass, as well as to protect and warn Plaintiffs against foreseeable dangers on the premises.

29. These Defendants breached their duties to Plaintiffs.

30. As a direct and proximate result of these Defendants' breaches of the duty of care, Plaintiffs have sustained damages as more specifically set forth below.

**COUNT II**
**PREMISES LIABILITY**
**(Defendants Sheraton Operating Corporation, Starwood Hotels & Resorts Worldwide, and Starwood Hotels & Resorts Management Company, White Corporations I-V, and Black L.L.C.s I-V)**

31. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

32. Defendants Sheraton Operating Corporation, Starwood Hotels & Resorts Worldwide, Starwood Hotels & Resorts Management Company, White Corporations I-V, and Black L.L.C.s I-V are the owners and operators of Wild Horse Pass, or otherwise have control over these premises.

33. The Waterslide had a design, construction or other flaw which constituted an unreasonably dangerous condition on the premises.

34. These Defendants or their employees were responsible for the selection, design and ultimate construction of the Waterslide at Wild Horse Pass, including the condition in question.

35. These Defendants or their employees either knew of this unreasonably dangerous condition in time to remedy the condition or to warn individuals such as Plaintiffs of the same; or the condition existed for a sufficient length of time that these Defendants or their employees, in the exercise of reasonable care, should have known of it.

36. These Defendants failed to warn Plaintiffs of the unreasonably dangerous condition, and/or otherwise failed to exercise reasonable care to prevent harm to Plaintiffs under the circumstances.

37. In the alternative, these Defendants adopted a method of operation from which it could have been reasonably anticipated that that an unreasonably condition would regularly arise; and failed to exercise reasonable care to prevent harm under the circumstances.

38. As a direct and proximate result of these Defendants' breaches and failures, Plaintiffs have sustained the damages more specifically set forth below.

## COUNT III
## STRICT PRODUCT LIABILITY – MANUFACTURING AND/OR DESIGN DEFECT
**(Defendants WhiteWater West Industries, White Corporations I-V, and Black L.L.C.s I-V)**

39. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

40. Defendant WhiteWater manufactured and/or sold the Waterslide.

41. At the time of sale, the Waterslide was in a defective and unreasonably dangerous condition.

42. At the time of the incident which caused injuries to Plaintiff, the Waterslide was substantially in the same condition as it was when it left the control of Defendant WhiteWater.

43. At the time of the incident that caused injuries to Plaintiff, he was using the Waterslide for a purpose that was intended by WhiteWater.

44. The Waterslide when manufactured/sold was in a dangerous condition inconsistent with and beyond the expectations of the reasonable consumer.

45. Plaintiff was relying on the skill and judgment of WhiteWater to ensure that the Waterslide would be suitable for the purposes for which he would be using it.

46. As a direct and proximate result of the defective and unreasonably dangerous condition of the Waterslide, Plaintiffs have sustained damages as more fully described herein.

47.     Defendants White Corporations I-V and Black L.L.C.s I-V are business entities which may also have been involved in the design or sale of the Waterslide, but whose identities are presently unknown to Plaintiffs.

**COUNT IV**
**STRICT PRODUCT LIABILITY – INFORMATION DEFECT**
**(Defendant WhiteWater West Industries, White Corporations I-V, and Black L.L.C.s I-V)**

48.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

49.     Upon information and belief, Defendant WhiteWater failed to provide an adequate warning and/or instruction on or with the Waterslide.

50.     Without adequate warnings or instructions, WhiteWater knew or should have known that foreseeable use of the Waterslide might be unreasonably dangerous.

51.     As a direct and proximate result of WhiteWater's failure to adequately warn or instruct consumers, Plaintiffs have sustained damages as more fully described herein.

52.     Defendants White Corporations I-V and Black L.L.C.s I-V are business entities which may also have been involved in the design or sale of the Waterslide, but whose identities are presently unknown to Plaintiffs.

**COUNT V**
**STRICT PRODUCT LIABILITY – ALL DEFECTS**
**(Defendants Pacific Aquascape, Pacific Aquascape International, & Pacific Advanced Civil Engineering)**

53. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

54. Upon information and belief, Defendants Pacific Aquascape, Pacific Aquascape International, & Pacific Advanced Civil Engineering, were manufacturers and/or sellers of the Waterslide, and therefore strictly liable to Plaintiffs due to the product defects as set forth above.

55. As a direct and proximate result of these product defects, Plaintiffs have sustained damages as more fully described herein.

**COUNT VI**
**NEGLIGENCE**
**(Defendants WhiteWater West Industries, Pacific Aquascape, Pacific Aquascape International, Pacific Advanced Civil Engineering, White Corporations I-V, Black L.L.C.s I-V, and Does I-X))**

56. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

57. Defendants WhiteWater West Industries, Pacific Aquascape, Pacific Aquascape International, Pacific Advanced Civil Engineering, White Corporations I-V, Black L.L.C.s I-V, and Does I-X, each owed a duty to individuals such as Plaintiffs, which duty prohibited these Defendants from placing into the stream of commerce products that are unreasonably dangerous, and which also required Defendants to warn consumers of such dangers.

58. Defendants, each of them, breached said duties by negligently manufacturing and/or selling the Waterslide and placing the Waterslide into the stream of commerce and/or failing to warn or adequately instruct consumers such as Plaintiff.

59. At the time of the incident that caused the injuries to Plaintiff, Plaintiff was using the Waterslide in a manner that was foreseeable and foreseen by each of these Defendants.

60. Even assuming one or more of Defendants Pacific Aquascape, Pacific Aquascape International, or Pacific Advanced Civil Engineering were neither a manufacturer or seller of the Waterslide, each of these Defendants owed Plaintiffs a duty to exercise reasonable care in the selection, design, construction, installation, repair, and/or maintenance of the Waterslide; and had a duty to warn Plaintiffs of foreseeable dangers associated with use of the Waterslide.

61. As a direct and proximate result of these Defendants' breaches of their duty of care to Plaintiffs, Plaintiffs have sustained damages as more fully described herein.

**COUNT VII**
**<u>VICARIOUS LIABILITY</u>**
**(Defendants Sheraton Operating Corporation, Starwood Hotels & Resorts Worldwide, Inc., Starwood Hotels & Resorts Management Company, Inc., WhiteWater West Industries, Pacific Aquascape, Pacific Aquascape International, Pacific Advanced Civil Engineering, White Corporations I-V, and Black L.L.C.s I-V)**

62. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

63. At all times material hereto, Defendants Does I-X were acting within the course and scope of their employment with Defendants Sheraton Operating Corporation, Starwood Hotels & Resorts Worldwide, Inc., Starwood Hotels & Resorts Management Company, Inc., WhiteWater West Industries, Pacific Aquascape, Pacific

Aquascape International, Pacific Advanced Civil Engineering, White Corporations I-V and/or Black L.L.C.s I-V.

64. Consequently, Defendants Sheraton Operating Corporation, Starwood Hotels & Resorts Worldwide, Inc., Starwood Hotels & Resorts Management Company, Inc., WhiteWater West Industries, Pacific Aquascape, Pacific Aquascape International, Pacific Advanced Civil Engineering, White Corporations I-V and/or Black L.L.C.s I-V are vicariously liable for the acts and/or omissions their agents and/or employees, Defendants Does I-X.

65. As a direct and proximate result of this vicarious liability, Plaintiffs have sustained the damages more specifically set forth below.

**DAMAGES**

66. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

67. As a direct and proximate result of Defendants' negligence and/or product liability, each of them, Plaintiff Richard Bartleman suffered serious and permanent bodily injuries and, as a direct result of these injuries, was required to incur medical expenses and may be forced to incur additional future medical expenses.

68. As a further direct and proximate result of Defendants' negligence and/or product liability, each of them, Plaintiff Richard Bartleman endured great pain, suffering, aggravation, inconvenience, mental and emotional upset to his life and day-to-day activities, as well as a loss of income, all of which may continue well into the future.

69. As a further direct and proximate result of the negligence and/or product liability of Defendants, each of them, Plaintiff Dawn Bartleman has been and continues to be denied the love, affection and consortium of her husband due to his injuries. She has been denied and will continue to be denied such love, affection and consortium as a result of the conduct of the Defendants, each of them, and has and will incur expenses paid by the marital community.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, each of them, for such sum of money within the jurisdiction of the Court and for full and complete compensation, for general and special damages, for the losses that have been sustained in this matter, and for such other and further relief as the Court or jury may deem just and proper in this matter.

**DATED** March 2, 2012.

                                                   **RAKE LAW GROUP, P.C.**

                                               /s/ Daniel T. Benchoff
M.E. "Buddy" Rake, Jr.
Daniel T. Benchoff
Attorneys for Plaintiffs

1  This is to certify that I have served Defendant with a true and correct copy of the within and foregoing **FIRST AMENDED COMPLAINT** on March 2, 2012, by depositing a true and correct copy of the same in the United States Mail with adequate First Class postage affixed thereon, addressed as follows:

Kevin C. Nicholas
Michael F. Edgell
Lewis Brisbois Bisgaard & Smith LLP
2929 N. Central Avenue
Suite 1700
Phoenix, Arizona 85012


 /s/ Diana Higuera
     Diana Higuera